# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**FRED LENARD, JR.**                                                                                         **PETITIONER**

**V.**                                                                                         **NO. 4:18-CV-221-DMB-JMV**

**PHIL BRYANT, et al.**                                                                                         **RESPONDENTS**

## ORDER

Fred Lenard, Jr.'s petition for a writ of habeas corpus is before the Court on the respondents' motion to dismiss. Doc. #9.

## I
## Procedural History

In November 2009, Fred Lenard, Jr. was convicted of capital murder, kidnapping, and felony child abuse in the Circuit Court of Coahoma County, Mississippi. Doc. #9-1. Lenard was sentenced to serve a term of life imprisonment without the possibility of parole for capital murder, and thirty years each for the kidnapping and felony child abuse convictions, with each sentence to run consecutively. *Id.* at 2–3. The Mississippi Court of Appeals affirmed the sentence and convictions on September 13, 2011. *Lenard v. State*, 77 So. 3d 530, 532 (Miss. Ct. App. 2011). Lenard filed a motion for rehearing, which was denied on January 10, 2012. Doc. #9-2. Lenard did not seek certiorari review of that decision. *Id.*

Lenard filed a motion for post-conviction relief on or about July 23, 2014. Doc. #10-16 at PageID #2337–41.[1] The petition was denied by the Mississippi Supreme Court on September 3, 2014. *See* Doc. #9-3. Between 2014 and 2017, Lenard filed numerous unsuccessful post-conviction motions. *See* Docs. #9-4, #9-5, #9-6. On July 19, 2018, the Mississippi Supreme Court

---

[1] To avoid confusion, the Court cites to composite exhibits by reference to their CM/ECF PageID number.

denied Lenard's most recent post-conviction motion as "time-barred and subject to the subsequent-writ bar." Doc. #9-6.

Acting pro se, Lenard filed this petition for a writ of habeas corpus on or about October 31, 2018. Doc. #2. The respondents moved to dismiss Lenard's petition on January 9, 2019. Doc. #9. Lenard responded to the motion on or about February 8, 2019. Doc. #11. The respondents filed an untimely reply on March 21, 2019. Doc. #12.

# II
# Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A. Timeliness

When a petition is filed outside the one-year limitation period, it "must be dismissed as untimely … unless the one-year … period was interrupted as set forth in 28 U.S.C. § 2244(d)(2)." *Zapata v. Cain*, 614 F. Supp. 2d 714, 717 (E.D. La. 2007).[2] When a petitioner fails to pursue a discretionary appeal in state court, the conviction becomes final for the purpose of § 2244(d) when "the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Here, Lenard did not seek certiorari review with the Mississippi Supreme Court following the rejection of his claims by the Court of Appeals. *See* Doc. #9-2. His judgment thus became "final" on January 24, 2012, when the time expired for him to seek such review—fourteen days after rehearing of his appeal was denied. *See* Miss. R. App. P. 17(b) ("[A] petition for a writ of certiorari for review of the decision of the Court of Appeals must be filed in the Supreme Court and served on other parties within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing, unless extended upon motion filed within such time."). Lenard must have filed an application for post-conviction relief on or before January 24, 2013, to toll the limitation period.[3] *See* 28 U.S.C. § 2244(d)(2). He did not do so.[4] Accordingly, this petition is untimely. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state

---

[2] Alternatively, "rare and exceptional circumstances" justify equitable tolling of the limitation period. *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000).

[3] Lenard argues his petition is timely because the limitations period under Mississippi law is three years following the expiration of the time to file an appeal. Doc. #11 at 5; *see* Miss. Code Ann. § 99-39-5(2). This argument lacks merit because AEDPA, not the Mississippi Code, governs petitions for post-conviction relief under 28 U.S.C. § 2254.

[4] Though dated February 20, 2012, the first of Lenard's post-conviction filings was marked as "filed" by the Mississippi Supreme Court on July 23, 2014. *See* Doc. #10-16 at PageID # 2342. Lenard does not argue he filed a petition on or before January 24, 2013.

habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted).

**B. Exemption**

Lenard argues in his response to the motion to dismiss that his petition should be exempt from AEDPA's one-year limitation period on a theory of actual innocence. Doc. #11 at 7. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief," such as the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A petitioner makes a credible showing of actual innocence if he "show[s] that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399.

Lenard's innocence theory rests on two grounds: (1) he can offer new evidence, which could not have been discovered at trial, regarding the sworn affidavits of two witnesses; and (2) an expert witness of the respondents was not qualified to testify.[5] Doc. #2 at 8. The Court rejects both grounds.

*1. Sworn affidavits*

Lenard maintains that he has newly discovered evidence by way of "sworn affidavits from witnesses which could not [have] been discovered at [the] time of trial," which "show great doubt" that he was involved in the crimes. Doc. #2 at 8 (quotation marks omitted). No affidavits are attached to Lenard's federal habeas petition. Nor does Lenard identify the affidavits or explain why the information they contain was not available at the time of trial. *See* Doc. #2; Doc. #11.

---

[5] In addition to these grounds, Lenard argues the "[p]rosecution failed to prove beyond a reasonable doubt that [he] was involved in the murder." Doc. #2 at 5. To the extent Lenard implies he is exempt from the limitations period because he is actually innocent, this argument lacks merit, as a theory of actual innocence only circumvents the AEDPA's one-year limitation period if it is based upon new evidence. *See McQuiggin*, 569 U.S. at 386.

Thus, the affidavits alluded to by Lenard do not serve to satisfy the "actual innocence" exemption from the limitation period.

## 2. Expert qualifications

Lenard also claims that the respondents' expert Dr. Steven Hayne is an unqualified medical examiner because he is not board certified. Doc. #2 at 8. Lenard does not state that Hayne's lack of board certification was unknown at trial or explain why this fact involves "new evidence." Accordingly, Lenard cannot rely on challenges to Hayne's testimony to meet the "actual innocence" standard.

Because Lenard has failed to identify any new evidence pertinent to his conviction, the Court concludes that he has failed to show it is more likely than not that no reasonable juror would have convicted him in the light of new evidence. Thus, he has not met the standard to exempt himself, under the theory of actual innocence, from the AEDPA's limitation period.

## C. Equitable Tolling

Lenard argues the one-year limitations period should be equitably tolled because he "detrimentally relied" on the three-year limitations period provided by Mississippi law. Doc. #11 at 5–7, 8–10; *see* Miss. Code Ann. § 99-39-5(2).

A party seeking equitable tolling of the AEDPA's limitations period must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted). With respect to the second element, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Jackson v. Davis*, No. 18-10526, 2019 WL 3521824, at *2 (5th Cir. Aug. 2, 2019) (quoting *Hardy v. Quarterman*, 577 F.3d at 596, 598 (5th Cir. 2009)).

A misunderstanding as to the correct application of AEDPA's limitations period does not constitute an "extraordinary circumstance" warranting equitable tolling. *See Tsolainos v. Cain*, 540 F. App'x 394, 397–99 (5th Cir. 2013). Thus, Lenard is not entitled to equitable tolling.

In short, Lenard's petition for a writ of habeas corpus is denied.

### III
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

### IV
### Conclusion

The respondents' motion to dismiss [9] is **GRANTED** and Lenard's petition is **DISMISSED**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 12th day of August, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**